Green, J.
delivered the opinion of the court.
This is an action of trespass brought by Brown against Walker for whipping the slave of the plaintiff.
The defendant pleaded 1st. “not guiltyand 2d, he also pleaded specially, that he was a patrol, and in discharge of his duty as such, he went to the house of the plaintiff’s slave, in search of other negroes he suspected to be harbored there, and the said slave refused to admit the defendant by barring the door on the inside, and said slave talked impudently and saucily to the defendant, wherefore he did moderately chastise her, as he had a right to do.
This plea, the court ordered to be stricken out, to which the defendant excepted.
The cause was tried upon the plea of not guilty, and a verdict for forty dollars was rendered for the plaintiff. The court refused a new trial, and the defendant appealed to this court.
The only question the plaintiff in error makes on this record, is, whether the facts stated in his second plea, do not constitute a good defence to this action.
It is insisted, that by the acts of 1806, ch. 32, sec. 3, and 1813, ch. 56, sec. 1, (Car. & Nich. 678,) and in view of the difference in caste between the races, the white man may lawfully chastise the slave of another, who shall use towards him insulting or provoking language.
By the act of 1806, it provided, that “riots, routs, unlaw *181 ful assemblies, trespasses, and seditious speeches, by a slave or slaves, or any insulting or provoking language used by such slave or slaves to any white person, shall be punished by stripes at the discretion of a justice of the peace, and he or they who will, may apprehend, and carry him, her or them before some justice.”
The act of 1813, provides, “that if any person shall wantonly and without sufficient cause, beat or abuse the slave of another person, such offence shall be indictable.”
We do not think these acts of assembly mean, that any person who may be insulted by the provoking language of a slave, may at his discretion beat the slave — provided it be not done wantonly. On the contrary, the act of 1806, was intended to prevent any such unlicensed vengeance. It is true, that act declares, that “insulting and provoking language used by a slave to a white person,” shall be punished by stripes; but it provides also, that these stripes shall be inflicted by the order of a justice of the peaee. It is therefore necessarily implied, that it is unlawful for the insulted party to beat the slave without such order of a justice.
It is unquestionably true, that the difference between the two races, and the nature of our institutions, must greatly modify the rules of law, in relation to criminal offences, committed by a party of the one race upon a person of the other.
In view of these considerations, the act of 1813, ch. 56, was passed. By that act, to beat or abuse the slave of another person, wantonly and without sufficient cause, is made indictable. By necessary implication from this provision, a white man is not indictable for beating the slave of another, unless the same be done wantonly and without sufficient cause. The act does not state what conduct of a slave would be sufficient cause; but this court, in the case of Nelson vs. The State, 10 Hum. R., decided, that insulting and *182 provoking language, would be such cause as would exempt a white man from indictment for a battery on a slave, provided such battery were moderate and reasonable correction only.
It is contended, that as insulting and provoking language will be sufficient cause to exempt a white man beating a slave from indictment, by parity of reason, it should exempt him from an action at the suit of the owner. We do not think such consequence follows.
The legislature, for wise reasons, have chosen to exempt a party in such case, from a criminal prosecution, but they have not made it lawful to beat the slave of another. On the contrary, we have seen that the act of 1800, in prescribing the mode by which a slave may be punished for using insulting language to a white man, have impliedly negatived the idea of the right of the party insulted to beat the slave without the order of a justice.
The master is interested in the service and labor of his slave, and if a party, without authority of law, beat his slave, he is entitled to his action for damages, although it may be a case in which the government may choose by law to exempt the party from a criminal prosecution. And this is no anomaly, as there are many cases of trespass, where the party is not indictable, and yet the person injured has his action.
Affirm the judgment.